**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| **COAST TO COAST ENGINEERING SERVICES, INC.,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **No. 2:16-cv-00054-DBH** |
| | ) | |
| **ROBERT ROOP,** | ) | |
| | ) | |
| **Defendant** | ) | |

**REPORT OF HEARING AND ORDER RE: DISCOVERY DISPUTES**

Held in Portland by telephone on October 20, 2016, at 9:15 a.m.

Presiding: John H. Rich III, United States Magistrate Judge

Appearances: For the Plaintiff: Benjamin Piper, Esq.

For the Defendant: Daniel Murphy, Esq.

The telephone conference was held at the request of Attorney Piper to resolve disputes over a number of topics included in the defendant's notice for the deposition of the plaintiff under Fed. R. Civ P. 30(b)(6) and the plaintiff's renewed request for a forensic examination of the computer devices of the defendant's company, Lockatong Engineering, Inc.

I treated Attorney Piper's presentations as oral motions for protective orders with respect to the topics at issue in the deposition notice, and addressed the topics sequentially. Topic number 5 requests that the corporate representative be prepared to testify regarding "[a]ll facts and information known and/or reasonably available to [the plaintiff] concerning its construction and positions regarding the Settlement Agreement and Mutual Releases executed by [the plaintiff] in March, 2015 (the 'Settlement Agreement')." Exhibit A to Notice of Deposition for Plaintiff Coast

to Coast Engineering Services, Inc, Pursuant to Fed. R. Civ. P. 30 (b)(6). After argument, I ***DENIED*** the motion as to this topic, because the plaintiff's "construction" and "position" regarding the Settlement Agreement, which is at the heart of the plaintiff's complaint, is properly the subject of discovery. I see no need to restrict the discovery sought on this core topic.

Topic number 11, the next topic at issue, requests that the corporate representative be prepared to testify regarding "[a]ll facts and information known and/or reasonably available to [the plaintiff] concerning its ownership, hosting, and/or maintenance of the domain names for other [of its] franchisees and [the plaintiff] from January 1, 2010 to present." *Id*. After discussion, and with the parties' agreement, I ***GRANTED*** the motion for a protective order ***IN PART*** and ***DENIED*** it ***IN PART***, as follows: the topic is narrowed to the plaintiff's practices or policies concerning the domain names and websites of franchisees upon termination, during the specified period of time.

Topic number 20, the next topic at issue, requests that the corporate representative be prepared to testify regarding "[a]ll facts and information known and/or reasonably available to [the plaintiff] concerning its motives in bringing suit against [the defendant] in this matter." *Id*. After argument, the motion for a protective order as to this topic is ***GRANTED***. The request is vague, overbroad, and unnecessary. The plaintiff's motivation in this breach of contract claim is too far removed from, and disproportional to, the merits of such a dispute to be a suitable topic for discovery.

Topics numbered 22-27 make the following requests concerning the corporate representative's testimony: "[a]ll facts and information known and/or reasonably available to [the plaintiff] concerning the [Liability Insurance Reserve Trust Agreement marked as Exhibit 36 at depositions conducted by [the plaintiff] (the 'Trust Agreement')], as well as any and all use of proceeds of the trust from January 1, 2010 to present and disputes related thereto"; "[a]ll facts and

information known and/or reasonable available to [the plaintiff] concerning complaints or questions by any franchisee of [the plaintiff] regarding [the plaintiff's] use of funds drawn from or borrowed from the trust from January 1, 2010 to present that is governed by the Trust Agreement, as well as [the plaintiff's] payment or refusal to pay claims of franchisees in relation to the Trust Agreement"; "[a]ll facts and information known and/or reasonably available to [the plaintiff] concerning its financial condition from January 1, 2010 to present, including, but not limited to, any instances where [the plaintiff] failed to timely meet payroll, failed to timely pay payroll taxes, and/or failed to timely make payments to employees' 401(k) accounts"; "[a]ll facts and information known and/or reasonably available to [the plaintiff] concerning its financial condition from January 1, 2010 to present, as it pertains to obligations owed to creditors by [the plaintiff], including, but not limited to, obligations described in [the plaintiff's] Franchise Disclosure Statements"; "[a]ll facts and information known and/or reasonably available to [the plaintiff] concerning its financial condition from January 1, 2010 to present, as it pertains to obligations owed to the IRS, including, but not limited to, [the plaintiff's] outstanding obligations and enforcement actions by the IRS or other regulators"; and "[a]ll facts and information known and/or reasonably available to [the plaintiff] concerning its financial condition from January 1, 2010 to present, as it pertains to obligations owed to [the plaintiff] in relation to the 'Quality Built' project, including the manner in which any receivables are reflected on the books of [the plaintiff] and descriptions contained in [the plaintiff's] Franchise Disclosure Statement." *Id.*

After argument, I ***GRANTED*** the plaintiff's oral motion for a protective order as to these topics, based on the oral presentations made and the documents submitted by the parties. It is difficult to discern the relevance of the trust agreement to the breach of contract claim asserted in the complaint, and the plaintiff persuasively argues that issues in play before the Settlement

Agreement upon which the complaint is based was signed were dealt with finally by that agreement. The information sought is very attenuated, and the cost of the expensive and time-consuming discovery that would ensue if these topics were pursued at the Rule 30(b)(6) deposition would outweigh any benefit to be derived therefrom with respect to this case. The same is true for topics concerning the financial condition of the plaintiff, particularly over a six-year span, when both the complaint and the counterclaim seek only a declaratory judgment.

During the discussion of topics 29 and 32-35, Attorney Murphy withdrew topics 34 and 35. Attorney Piper withdrew the objections to topics 32 and 33. The remaining topic requests that the corporate representative be prepared to testify about the following: "[a]ll facts and information known and/or reasonably available to [the plaintiff] concerning the information, responses, and documents provided by [the plaintiff] in response to discovery requests from [the defendant]." *Id*. The motion for a protective order as to this topic is ***GRANTED IN PART*** and ***DENIED IN PART***, without objection, by modifying the topic to require the plaintiff to provide a designee to testify to all such facts to the extent that the plaintiff relies or relied upon them to support any claim or defense asserted in this action.

The plaintiff has renewed its request for a forensic examination of the computer devices of the defendant's company that I conditionally rejected in June 2016. ECF No. 10. The sufficiency of the showing made by the plaintiff to justify this extraordinary relief is hotly disputed, but I agreed with counsel that the issue should be briefed before I rule on the renewed request. Accordingly, the parties shall ***FILE*** letter briefs addressing the issue, no longer than five single-spaced pages, not including attachments, by the close of business on October 27, 2016, and responses, if any, no longer than four single-spaced pages, by the close of business on October 31, 2016. The letter briefs should direct the court to the locations in the records made available to the

court of the information upon which the parties rely. Oral argument on the issue may be requested when the letter briefs are filed.

***SO ORDERED***.

**CERTIFICATE AND NOTICE**

A. This report fairly reflects the actions taken at the hearing and shall be filed forthwith.

B. In accordance with Fed. R. Civ. P. 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof. Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.

Dated this 21st day of October, 2016.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge