UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| COAST TO COAST ENGINEERING SERVICES, INC., | ) ) ) |
| Plaintiff | ) |
| v. | ) No. 2:16-cv-00054-DBH |
| ROBERT ROOP, | ) ) ) |
| Defendant | ) |

MEMORANDUM DECISION AND ORDER ON DISCOVERY DISPUTE

After a telephonic hearing held on October 20, 2016, addressing several discovery disputes in this breach of contract action arising out of the parties' settlement agreement, I ordered the parties to submit letter briefs on one issue: the plaintiff's renewed request for a forensic examination of computers owned by the defendant and his corporation, Lockatong Engineering, Inc. Report of Hearing and Order re: Discovery Disputes (ECF No. 30) at 4-5. Neither party requested further oral argument, as invited. *Id*. at 5. For the reasons that follow, I deny the plaintiff's renewed request for the forensic examination.

## I. Applicable Legal Standards

The plaintiff asserts that applicable case law directs federal courts to allow forensic examination of an opponent's computers and like devices when there are discrepancies in discovery responses, or when there is a direct connection between the opponent's computers and the claims in the action, and that concerns regarding personal, confidential, or proprietary information "can be adequately addressed through protective orders[,]" one of which is already in

1

effect in this case.  Plaintiff's Letter Brief dated October 27, 2016, at 4.  The defendant does not cite any authority in support of his position.

A court should not allow a forensic examination of a party's computers in order to help the party seeking the examination to confirm a "highly speculative conjecture" that materials responsive to duly served requests for production have not been produced and are present on those computers.  *Williams v. Massachusetts Mut. Life Ins. Co.*, 226 F.R.D. 144, 146 (D. Mass. 2005).  In order to succeed, the party seeking the examination must present credible evidence that the opposing party is unwilling to produce computer-generated documents or that it has withheld relevant information.  *Id*.  Courts should be particularly reluctant to allow such searches where the opposing party has undertaken its own search and forensic analysis and has sworn to its accuracy.  *Id*.  "[T]he inquiring party must present at least some reliable information that the opposing party's representations are misleading or substantively inaccurate." *Id*.; *see also Covad Communications Co. v. Revonet, Inc.*, 258 F.R.D. 5, 12 (D.D.C. 2009).

"[I]t does not automatically follow that every time a litigant alleges that the other party's electronic production is deficient in some regard the appropriate next step is to conduct a forensic examination." *Id*. at 13.  While inconsistencies or improprieties in a party's discovery responses may justify forensic examination of related computers, *id*. at 12; *Ameriwood Indus., Inc. v. Liberman*, No. 4:06CV524-DJS, 2006 WL 3825291, at *4 (E.D. Mo. Dec. 27, 2006), there must be a "history of incomplete and inconsistent responses to [the inquiring party's] production requests[,]" *Jacobson v. Starbucks Coffee Co.*, No. 05-1338-JTM, 2006 WL 3146349, at *7 (D. Kan. Oct. 31, 2006), before a forensic examination will be allowed.  The inquiring party's skepticism that the opposing party has produced all of the documents sought is not sufficient to warrant a forensic examination.  *Balboa Threadworks, Inc. v. Stucky*, No. 05-1157-JTM-DWB,

2006 WL 763668, at *3 (D. Kan. Mar. 24, 2006) (citing *McCurdy Group v. American Biomedical Group, Inc.*, 9 Fed.App'x 822, 831, 2001 WL 536974 at *7 (10th Cir. 2001)).

## II.  Discussion

### A.  Background

The gravamen of the complaint in this action[1] is an allegation that the defendant breached a written agreement terminating his franchise relationship with the plaintiff by failing to return to the plaintiff "certain materials he received in his capacities as [the plaintiff's] Chief Operating Officer[] and Board of Directors member." Complaint for Injunctive Relief and Damages (ECF No. 1) at 1. It contends that a forensic examination of Lockatong's computer systems is "uniquely appropriate" because there are "numerous discrepancies as to the disposition of materials Mr. Roop and Lockatong received electronically from [the plaintiff]." Plaintiff's Letter Brief at 1.

The specific "discrepancies" identified by the plaintiff are the following:

1. The defendant testified at deposition that Lockatong put a new server and email system into operation on January 1, 2015. He testified that the old server contained materials received from the plaintiff, that these files were left on the old server, and that the files left on the old server were destroyed when he crushed the old server a few months later.

2. The day after his personal deposition, the defendant testified as Lockatong's corporate representative that the plaintiff's electronic files were deleted during a search process in the fall of 2014. The previous day, he testified that he had destroyed hard copy materials in the fall of 2014 but did not mention that this included electronic files.

---

[1] The plaintiff has filed a motion for leave to amend the complaint, which was taken under advisement on November 2, 2016. ECF Nos. 23, 24, 32. Through its motion, the plaintiff seeks to add Lockatong Engineering as a defendant on the grounds that it has breached the parties' settlement agreement. Because the plaintiff seeks, via the instant motion, to access both the defendant's and Lockatong's computers, the court's ruling on the pending motion to amend will not affect the instant discovery dispute.

3

3. The defendant testified that none of Lockatong's emails were transferred from its exchange server to Rackspace, a cloud-based service, beginning in January 2015, and that after the transfer, no Lockatong employee would be able to access email received before the transition. Mr. Landau, who assisted with the transition, testified that emails from the exchange server were transferred to Rackspace and would generally be accessible to employees after the transfer.

4. During the corporate deposition, the defendant testified that files related to his work for the plaintiff were kept in an electronic folder labeled "administrative" and that he asked Landau to transfer that folder to the new server. After the deposition was re-opened, the defendant testified that the plaintiff's files were stored in his personal folder, which was password-protected, that the administrative folder was in a larger folder labeled "Criterium" until 2015, when it was relabeled "Lockatong." His personal folder was in this folder and contained the files that he had previously testified were in the administrative folder.

5. The defendant testified at the re-opened corporate deposition that Lockatong was searching for files related to the plaintiff "all through April" 2015, followed by review and deletion of these items. He testified at the earlier corporate deposition that his administrative assistant confirmed on April 10, 2015, that all electronic files relating to the plaintiff had been purged, and she reduced this confirmation to writing. The defendant did not produce this writing in response to a formal request for its production.

6. The defendant testified during the re-opened corporate deposition that in 2016 he ran an electronic search that revealed 2015 communications between him and the plaintiff's president, which the defendant still had, portions of which he produced in the following

      days. This correspondence "incorporates confidential [plaintiff's] information." The defendant testified that he also had responsive correspondence from the plaintiff's president, but he "retracted" this on a deposition errata sheet.

7. Finally, the plaintiff's designated IT expert opined that there is a "likelihood" that some of the plaintiff's materials remain on Lockatong's and the defendant's computers. He opined that responsive emails could remain on the defendant's tablet, that Lockatong's testimony regarding the security of its network was incorrect, that files that the defendant uploaded to Dropbox could remain there, that the defendant's testimony that the subject files could not be downloaded to Lockatong employees' home computers was incorrect, and that Lockatong's reformatting of flash drives that had been used for data backup would leave to deleted files accessible by the average PC user.

The defendant points out that the plaintiff is not seeking monetary damages, making a forensic examination unfair and not proportional to the needs of the case. Defendant's Letter Brief dated October 27, 2016, at 1. He contends that the request is "wholly inconsistent" with the parties' earlier agreement to limit discovery activities and expense; that deposition testimony of the plaintiff's president and senior vice president "confirms" that the allegations in the complaint are merely speculative; that the plaintiff seeks discovery beyond the terms of the settlement agreement that provides the basis for this action; that the plaintiff's expert's report is flawed; and that the difference between "executive documents," which must be returned pursuant to the settlement agreement, and "operational documents," which need not be returned, has been ignored by the plaintiff.

The plaintiff's reply letter brief rejects the defendant's proportionality argument, asserting that the concept favors its request because it has no access to the information that it seeks and the

defendant "has not provided a coherent answer" in discovery; the discovery is crucial to its allegations; the defendant has not asserted that any burden or expense would be caused by the forensic examination; and any burden would be mitigated by the confidentiality order in place in this action and "the protocol for the examination." Plaintiff's Reply Letter Brief dated October 31, 2016, at 1. The plaintiff finds it telling that the defendant "refused to execute an affidavit confirming that he no longer retained possession of [the plaintiff's] materials." *Id*. at 3. It rejects the defendant's claimed distinction between executive documents and operational documents. Finally, it asserts that the defendant has not responded to each of the deficiencies identified by its expert with his deletion or destruction of data.

The defendant's reply addresses each of the alleged inconsistencies in discovery listed by the plaintiff as justification for the requested forensic examination. Defendant's Reply Letter Brief dated October 31, 2016.

### B. Justification for the Requested Forensic Examination

As the defendant contends, Defendant's Reply Letter Brief at 2,[2] the plaintiff's first and second points do not establish any inconsistency between the defendant's individual deposition testimony and his testimony as the corporate representative of Lockatong. Rather, the defendant's testimony in the two roles establishes that two different methods, employed within a few months of each other, were employed by Lockatong to ensure its compliance with the terms of the settlement agreement. The two methods are not necessarily mutually exclusive.

With respect to the transfer of emails to Rackspace, the subject of the plaintiff's third point in the list above, I begin with the observation that this action concerns the defendant's return of, or failure to return, "materials [the plaintiff] had given him over the course of their relationship."

---

[2] The defendant's reply begins with a discussion of a specific document that is not identified by the plaintiff as one that is in dispute. Accordingly, I do not address that document in this ruling.

Complaint at 1 and ¶¶ 13-17.  The plaintiff fails to explain how emails on the Lockatong computers and/or in Rackspace constitute "materials that the plaintiff had given" to the defendant.  The identical nature of the two is not readily apparent.  That being said, the defendant accurately states that he testified that all "executive" emails that he received from the plaintiff were either contemporaneously deleted or otherwise were irretrievable, following the destruction of the old server in the early winter of 2015.  Deposition of Robert Roop at 152, 154.  Therefore, Landau's testimony that emails transferred to Rackspace would in fact be accessible to Lockatong employees creates no relevant inconsistency in the defendant's discovery responses.[3]

The slight change in the defendant's testimony set out in the plaintiff's fourth point does not constitute a discrepancy justifying forensic examination.  A deponent may change or amplify his testimony during a deposition, or even thereafter via an errata page.  Such changes or modifications cannot, standing alone, constitute evidence of one or more inconsistencies into which an opponent may conduct further discovery.  *See generally Glenwood Farms, Inc. v. Ivey*, 229 F.R.D. 34, 35 (D. Me. 2005).

As to the fifth point, the defendant contradicts, with a submitted exhibit, the plaintiff's contention that he failed to provide a copy of his administrative assistant's written confirmation of the purge of the plaintiff's materials.  Defendant's Reply Letter Brief at 4 & Exh. B.  The conflict that the plaintiff sees between testimony about actions taken by Lockatong to delete the plaintiff's

---

[3] The defendant asserts that two officers of the plaintiff testified at deposition that the plaintiff's claim "does not extend to operational documents[,]" as he distinguishes such documents from "executive" documents.  Defendant's Reply Letter Brief at 3.  The plaintiff vigorously disputes that there is any distinction between "operational" and "executive" documents under the terms of the Settlement Agreement, but it says of the testimony of the two officers only that it "establish[es] that they do not have direct, personal knowledge of Mr. Roop's or Lockatong's files."  Plaintiff's Reply Letter Brief at 3.  That does not contradict the testimony of Mr. Mooney, president of the plaintiff, that the defendant had returned all expected documents "that we would connect directly to the operations of a franchisee" and that he had no reason to think that the defendant had not returned all operational documents.  Deposition of Alan Mooney at 8, 89, 160.  On the showing made, I conclude that "operational" documents, including emails, if any, are not at issue here.

materials from its records in the fall of 2014 and in the early winter of 2015 does not exist. *See id.* at 2.

The plaintiff's sixth point refers to communications sent to Mooney by the defendant regarding insurance reserves. The defendant initially testified that he still possessed letters that he had sent to Mooney in 2014 on this subject and a single response from Mooney. *Id*. at 4. He amended this response in his deposition errata sheet to indicate that he did not in fact have a copy of Mooney's response. As was the case with the plaintiff's fourth proffered justification for a forensic examination, the mere fact that a deponent alters an answer via the errata sheet, which is the reason for the existence of an errata sheet, does not provide his opponent with an opportunity for further discovery, without more. The defendant states that he has produced in discovery the letters that he sent to Mooney in connection with this issue. *Id.*

The plaintiff's seventh and final argument is based on the testimony of its expert opining about the possible existence of materials in the defendant's possession that the defendant should have returned pursuant to the settlement agreement. At best, such opinions, if admissible at trial, represent an attempt to rebut any testimony proffered by the defendant to the effect that he and Lockatong have provided all materials covered by the settlement agreement. It does not provide justification for the extraordinary relief being requested by the plaintiff in seeking to examine forensically the defendant's computers.

I do not adopt the defendant's arguments based on the lack of a demand for damages or the parties' agreement to limit discovery. The added burden and expense to the defendant of a forensic examination of all of his and Lockatong's computer devices, however, is obvious. I am troubled by the defendant's apparent refusal to provide the plaintiff with a requested affidavit "confirming that he no longer retained possession of [the plaintiff's] materials[,]" Plaintiff's Reply Letter Brief

8

at 3, but his responses to the plaintiff's discovery requests, including his deposition testimony given under oath, should provide the plaintiff with essentially the same assurance.

In sum, the plaintiff's submissions fall short of meeting the legal standards necessary for the intrusive relief it seeks.

### III.  Conclusion

For the foregoing reasons, the plaintiff's renewed request to conduct a forensic examination of the computer devices of the defendant and his company is **DENIED.**

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 8th day of November, 2016.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge