UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| COAST TO COAST ENGINEERING SERVICES INC, | ) ) ) |
| Plaintiff | ) ) |
| v. | ) ) |
| ROBERT ROOP, | ) ) ) |
| Defendant | ) |

No. 2:16-cv-00054-DBH

### MEMORANDUM DECISION AND ORDER ON MOTION TO AMEND

On the penultimate day to do so allowed under the scheduling order, as amended, in this breach of contract action, the plaintiff filed a motion for leave to amend its complaint to add a defendant and certain factual allegations. Motion for Leave to File First Amended Complaint ("Motion") (ECF No. 23). The defendant opposes the motion. Defendant Robert Roop's Objection to Plaintiff's Motion for Leave to File First Amended Complaint ("Opposition") (ECF No. 24). For the reasons that follow, I grant the motion.

**I.      Applicable Legal Standards**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend should be granted in the absence of reasons "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The First Circuit has explained:

1

> A motion to amend a complaint will be treated differently depending on its timing and the context in which it is filed. . . . As a case progresses, and the issues are joined, the burden on a plaintiff seeking to amend a complaint becomes more exacting. Scheduling orders, for example, typically establish a cut-off date for amendments (as was apparently the case here). Once a scheduling order is in place, the liberal default rule is replaced by the more demanding "good cause" standard of Fed. R. Civ. P. 16(b). This standard focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent. Where the motion to amend is filed after the opposing party has timely moved for summary judgment, a plaintiff is required to show "substantial and convincing evidence" to justify a belated attempt to amend a complaint.

*Steir v. Girl Scouts of the USA*, 383 F.3d 7, 11-12 (1st Cir. 2004) (citations, internal quotation marks, and footnotes omitted).

The plaintiff filed the motion one day prior to the parties' deadline to amend pleadings and join parties. Therefore, the liberal default rule applies.

An amendment is futile when "the complaint, as amended, would fail to state a claim upon which relief could be granted." *Glassman v. Computervision Corp.,* 90 F.3d 617, 623 (1st Cir. 1996). "In assessing futility, the district court must apply the standard which applies to motions to dismiss under [Federal Rule of Civil Procedure] 12(b)(6)." *Adorno v. Crowley Towing & Trans. Co.,* 443 F.3d 122, 126 (1st Cir. 2006).

The Supreme Court has stated:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and internal punctuation omitted). This standard requires the pleading of "only enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In ruling on a motion to dismiss under Rule 12(b)(6), a court assumes the truth of all of the well-pleaded facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *Román-Oliveras v. Puerto Rico Elec. Power Auth.*, 655 F.3d 43, 45 (1st Cir. 2011).

## II. Factual Background

The initial complaint alleges that defendant Robert Roop breached a written agreement terminating his franchise relationship with the plaintiff by failing to return to the plaintiff certain materials that he received in his capacities as the plaintiff's chief operating officer and as a member of its board of directors. The proposed amended complaint alleges that Lockatong Engineering, Inc., Roop's corporation, also breached that agreement. Motion at 2.

## III. Discussion

### A. Futility

The defendant's futility argument is essentially that he has in fact complied with the requirements for return of documents imposed by the settlement agreement, and that the plaintiff, therefore, can only be seeking to add Lockatong as a defendant in order "to collect attorney fees under the Settlement Agreement." Opposition at 5. He does not cite any provision of the settlement agreement that would allow the plaintiff to recover attorney fees from Lockatong that it could not collect from him. In addition, the plaintiff's possible motive is not an issue before the court in connection with the instant motion. Whether the individual defendant has in fact complied with the terms of the settlement agreement is a factual dispute that may only be resolved via a motion for summary judgment or a trial. It cannot provide a basis for denial of the motion to amend at this stage of the proceedings.

**B.  Jurisdictional Amount**

The defendant contends that the proposed amendment would not suffice to allow this court to exercise diversity jurisdiction over the proposed additional defendant.  Specifically, he asserts that, because the proposed amended complaint does not seek damages from Lockatong, the proposed amended complaint does not reach the $75,000 minimum amount in controversy required by the jurisdictional statute applicable to this case, 28 U.S.C. § 1332(a).  Opposition at 5-7.  He asserts that the plaintiff's anticipated attorney fees cannot be used to meet the amount-in-controversy threshold of section 1332(a), citing *Raymond v. Lane Const. Corp*., 527 F.Supp.2d 156, 163 (D. Me 2007).  *Id*. at 7.

The plaintiff responds that anticipated attorney fees may be used to reach the jurisdictional threshold under the circumstances of this case, and that the value to it of the injunctive relief sought by the complaint exceeds $75,000.  Plaintiff's Reply in Support of Motion for Leave to File First Amended Complaint (ECF No. 31-1) ("Reply") at 5-7.    It is well established in this circuit that attorney fees may be included in determining the amount in controversy for jurisdictional purposes when the fees are provided for by contract.  *Spielman v. Genzyme Corp.,* 251 F.3d 1, 7 (1st Cir. 2001).  That is the case here.  Release and Settlement Agreement (ECF No. 25-2) § 11.D.  Given the contentious history of this litigation, with which the court is familiar, it is not unreasonable to expect that the plaintiff's attorney fees will exceed $75,000 by the time the case is put to rest.

Both *Raymond* and *Waldron v. George Weston Bakeries Distrib., Inc.*, 477 F.Supp.2d 295 (D. Me. 2007), hold that reasonable attorney fees may be included in the amount in controversy for jurisdictional purposes when an award of attorney fees is allowed by the contract at issue.  527 F.Supp.2d at 159, 477 F.Supp.2d at 296-97.  The defendant invokes an exception noted in *Raymond*: the jurisdictional amount should not include any fees estimated in "[a] transparent attempt to puff up future attorney's fees to cross the jurisdictional threshold[.]"  527 F.Supp.2d at

4

163. However, in this case, the court's own experience, including multiple discovery conferences and a pending Fed.R.Civ.P. 72(a) appeal, demonstrates that an estimate of past and future attorney fees in excess of $75,000 is "patently reasonable." *Id*.

### C.  The Confidentiality Order

Finally, the defendant contends that the plaintiff's proposed amended complaint violates the consent confidentiality order in place in this action, ECF No. 14, and, thereby, the defendant has waived any claim of confidentiality as to the depositions from which its proposed amended complaint draws factual allegations, together with the entire settlement agreement that gives rise to this action.  Opposition at 7-9.  He states that the proposed amended complaint also "describes" documents designated by the defendant as confidential, which he characterizes as additional violations of the consent confidentiality order.  *Id*. at 8.

The plaintiff concedes that the proposed amended complaint "inadvertently disclose[s] some information [that] it had previously designated as confidential under the Court's confidentiality order."  Reply at 7.  It does not offer to revise the proposed amended complaint to remove the confidential material, but it does point out that the defendant did not identify the offending passages.  *Id*.

I find it unlikely that a reference to the existence of a document that has been designated confidential (a "description" of the document) violates its confidentiality.  As to the admitted violations, I direct the parties to meet and discuss them, and the plaintiff to file a revised second amended complaint, no later than ten business days after the date of this decision.  If the parties cannot agree on revisions, counsel are directed to contact that court to schedule a telephone conference to resolve the matter as soon as possible.

On the showing made, the defendant is not entitled to the drastic remedy of the voiding of the confidentiality order or the confidentiality provisions of the settlement agreement.

## IV. Conclusion

On the showing made, the proposed amendment states a claim against Lockatong on which relief may be granted, and the jurisdictional amount has been satisfied. The motion is **GRANTED**.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 23rd day of November, 2016.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge